# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DEAN N.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. CV 18-09840-DFM<br><br>MEMORANDUM OPINION<br>AND ORDER |

Dean N. ("Plaintiff") appeals from the Social Security Commissioner's final decision rejecting his application for Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed with prejudice.

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Andrew Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

# I.
# BACKGROUND

Plaintiff applied for DIB and SSI on June 17, 2014, alleging disability beginning December 24, 2011. See Dkt. 21, Administrative Record ("AR") 257-65. After his claim was denied initially and on reconsideration, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on October 13, 2016. See AR 41-72.

On November 13, 2017, the ALJ issued a written decision. See AR 14-30. The ALJ determined that Plaintiff had the severe impairments of status post-surgery for possible Arnold Chiari malformation, status post shunt placement procedure, history of gunshot wounds lower extremities, degenerative changes of the lumbar spine, post-traumatic stress disorder, antisocial personality disorder, and depressive disorder. See AR 18-19. The ALJ also determined that Plaintiff had medically determinable but not severe impairments of hyperlipidemia, hepatomegaly, history of fascial fracture, and history of cardiac catheterization. See AR 19-20. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. See AR 20-22. The ALJ then determined that despite his impairments Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with certain additional limitations. See AR 22. The ALJ concluded that Plaintiff was not disabled because although he could not return to his past work of lubrication servicer as actually or generally performed, he could work as a final assembler (DOT 713.687-018), stone setter (DOT 735.687-034), or bench hand (DOT 700.687.062). See AR 28-29. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 30.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-5. This action followed. See Dkt. 1.

## II.

## DISCUSSION

Plaintiff argues that the ALJ erred by not including the use of a cane in Plaintiff's RFC, contending that the opinions of the impartial medical expert and consulting examiner indicated use of a cane. See Dkt. 26, Joint Submission ("JS") at 5.[3]

### A. Applicable Law

The ALJ is required to consider all limitations and restrictions imposed by all impairments, even those deemed not severe, at the later steps of the sequential evaluation process. See Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (requiring ALJ's RFC assessment to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'"). The use of a hand-held assistive device such as a cane is a functional limitation only if it is medically required. See SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); Quintero v. Colvin, No. 13-00478, 2014 WL 4968269, at *10 (E.D. Cal. Sept. 29, 2014) ("The use of a cane or other 'hand-held assistive device' is probative of a claimant's functional limitations only if it is medically required."). "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other

---

[3] All citations to the JS are to the CM/ECF pagination. All citations to the AR are to the record pagination.

relevant information)." SSR 96-9p, 1996 WL 374185, at *7.

A claimant's own testimony does not constitute required medical documentation establishing the need for an assistive device. See Marin v. Astrue, No. 11-09331, 2012 WL 5381374, at *4 (C.D. Cal. Oct. 31, 2012) (finding ALJ "justifiably concluded that plaintiff's use of a cane did not warrant a more limited RFC" where only plaintiff's own testimony corroborated her use of a cane). Nor does the fact that various medical providers noted plaintiff's use of a cane establish its medical necessity. See Cashin v. Astrue, No. 09-161, 2010 WL 749884, at *11 (C.D. Cal. Feb. 24, 2010) (finding physician's observation of claimant's use of cane during examination was not "an objective finding that plaintiff's cane was medically required"); Quintero, 2014 WL 4968269, at *10 ("Mentioning the use of a cane [in physicians' treatment notes] neither established Plaintiff needed the cane to balance or walk, nor described the circumstances for which the cane would be needed."); Flores v. Colvin, No. 14-02096, 2016 WL 2743228, at *14 (E.D. Cal. May 11, 2016) (finding "no medical documentation establishing the need for an assistive device" where all mentions of claimant's cane were "traceable to Plaintiff's self-reports and to his medical sources' observations that he presented with an assistive device"). Without a physician "describing the circumstances for which [the cane] is needed," the ALJ cannot find the cane medically necessary. SSR 96-9p, 1996 WL 374185 at *7; see also Tripp v. Astrue, 489 F. App'x 951, 955 (7th Cir. 2012) (noting that courts "have required an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary"); Hughes v. Berryhill, No. 17-01983, 2017 WL 4854112, at *14-15 (S.D.W. Va. Oct. 4, 2017) (affirming ALJ's finding that assistive device was not medically required where record contained prescription but no explanatory information describing when device was needed); Carroll v. Colvin, No. 14-173, 2015 WL 5737625, at *13-14

4

(E.D.N.C. Sept. 30, 2015) (finding "no documentation in the record" explaining circumstances in which claimant needed assistive device where physicians circled "yes" and indicated type of ambulatory device in response to inquiry about claimant requiring device).

**B.    Analysis**

After Plaintiff's hearing, the ALJ propounded medical interrogatories to an impartial medical expert, Dr. Susanne Patrick-MacKinnon. See AR 14. Dr. Patrick-MacKinnon noted that "most of the physicians who have examined claimant report unsteady gait, need for a cane but the evidence for weakness of his extremities has been variable." AR 918. Dr. Patrick-MacKinnon also later noted that Plaintiff "uses a cane." AR 925. Dr. Patrick-MacKinnon assessed Plaintiff as able to perform sedentary work. See AR 922-24. The ALJ gave Dr. Patrick-MacKinnon's opinion "great weight," and stated that his RFC was based on her opinion. AR 23.

Dr. Azizollah Karamlou examined Plaintiff two years before his hearing, in September 2014. See AR 624-29. Dr. Karamlou likewise assessed Plaintiff as able to perform sedentary work. See AR 628. Dr. Karamlou noted that Plaintiff "walks with a cane," "needs the cane for ambulation," but is "able to walk without a cane for a few steps." Id. The ALJ also gave "great weight" to Dr. Karamlou's opinion. AR 23.

Plaintiff argues that by not incorporating the use of a cane into Plaintiff's RFC, the ALJ in fact rejected Dr. Patrick-MacKinnon and Dr. Karamlou's opinions. See JS at 12 ("The ALJ has failed to articulate any rationale to reject the opinions of Dr. MacKinnon and Dr. Karamlou who both found the need for an assistive device."). The Court disagrees.

Neither doctor indicated that a cane was medically required. All Dr. Patrick-MacKinnon did was acknowledge that Plaintiff uses a cane and that "most" physicians who have examined Plaintiff report Plaintiff's need for a

5

cane. AR 918. Dr. Patrick-MacKinnon did not say that a cane was medically required or describe the circumstances in which a cane was needed. Accordingly, her opinion did not constitute evidence that Plaintiff was medically required to use a cane.

Similarly, Dr. Karamlou acknowledged that Plaintiff "walks with a cane." AR 628. Dr. Karamlou's opinion also indicated that Plaintiff "needs the cane for ambulation." AR 628. But Dr. Karamlou did not state the circumstances under which Plaintiff required the cane for ambulation, such as whether the cane was required all the time, periodically, or only in certain situations. Dr. Karamlou's opinion thus did not establish that Plaintiff's use of a cane was medically required. See SSR 96-9p, 1996 WL 374185, at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."); see also Howze v. Barnhart, 53 F. App'x 218, 222 (3d Cir. 2002) (finding that physician's report indicating that hand-held assistive device required for ambulation did not establish medical necessity). Plaintiff was required to establish both need and the specific circumstance in which he needs the cane before the ALJ could include the usage of a cane in his RFC. Accordingly, the ALJ did not err because the evidence did not establish that Plaintiff's cane was medically required.

///
///
///
///
///

## III.
## CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: January 28, 2020

/s/ Douglas F. McCormick
DOUGLAS F. McCORMICK
United States Magistrate Judge